IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NORMA POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13-cv-2314-TMP |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This cause is before the court on the motion for summary judgment filed September 1, 2015, by the defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("SSA"). Defendant seeks dismissal of plaintiff Norma Powell's claim that she was discriminated against based on her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), when the SSA failed to promote her in 2012. This matter has been fully briefed, and the court has considered the evidence and arguments set forth by both parties. The parties have consented to the exercise of jurisdiction by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Celotex, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. at 323.

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting former Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. Celotex, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The substantive law will identify

which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52; see also Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 745 n.11 (1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249 (citations omitted); accord Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 254; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. Brown v. City of Clewiston, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## **FACTS**

Viewing the evidence in the light most favorable to the non-moving party, in this case the plaintiff, the following facts are relevant to the instant motion.

The plaintiff is a female more than 40 years old, being 63 years old at the time the promotion decision challenged here was made. Powell worked for the SSA for more than 15 years as a Telephone Service Representative (referred to within the SSA as a "TSR"), with an employment rank of GS-8. She still was employed in that position at the time the complaint was filed.

In June of 2012, Powell applied for a position as Technical Advisor ("TA"). The position was a GS-9 position, and thus would have been a promotion. The TA position involved providing guidance, monitoring, recommendations and oversight to employees working as TSRs. Selection of the TSRs for the promotion at issue in this case was governed by the SSA's Merit Promotion and Placement Plan. The decision regarding selecting employees to be promoted to TA was made by a Selection Panel, which consisted of four section managers of the Birmingham office of the SSA. The panel included Rhonda Groveman, who is 54 years old; Vivian Handy, 58; Debra Newbold, 56; and Luis Fernandez, who was then 45. Plaintiff does not allege that Fernandez had any discriminatory motive. Reginald Jenkins, the deputy director of the Birmingham office, served as Concurring Official with the Selection Panel. He was 37 years old at the time of the promotion decision.[1] Although it is not entirely clear, it appears that five TSRs were selected for promotion to five TA positions.

---

[1] The ages of the panel members is set forth in their declarations, prepared in 2015. They would have been about three years younger at the time the hiring decisions were made.

4

Powell was 63 years old at the time that she applied. There were 50 other applicants, and all were younger than Powell. None of the panel members, except Handy, was aware of Powell's age, although it was recorded in her personnel records. Powell has testified that Handy was present at Powell's 50th birthday party, and that Handy said that she hoped she would look that good when she turned 50.[2]

From the 50 original applicants, the Selection Panel compiled a "short list" of 15 applicants, each of whom had received a "highly recommended" rating from their supervisors. (Doc. 18-9). Powell was on the short list, along with all of the persons ultimately selected. The panel evaluated the 15 on the list, and ranked them based upon supervisory experience, recent performance awards, education (particularly in relevant coursework), evidence of professional development, leadership skills, technical skills, and supervisor recommendations. (Decl. of Groveman, doc. 18-4; Decl. of Handy, doc. 18-5; Decl. of Newbold, doc. 18-6).[3] The

---

[2] The evidence provided by plaintiff indicates that Handy, who served for several years as plaintiff's second-line supervisor, frequently criticized Powell for excessive "wrap-up" time after she completed a telephone call. While this evidence does suggest that Handy may have had a lower opinion of Powell's employment skills than of other applicants, there is no indication that Handy's criticism was based on any age-related factor, except the witness affidavit of a coworker, Lena Nixon (doc. 26-8). Nixon asserts that Powell was constantly assisting other TSRs, which caused her to have longer wrap-up times, and that younger employees were not criticized for their "wrap-up" times. Handy, however, has stated that Powell's responsibilities did not involve assisting other TSRs, who were supposed to receive assistance from their TA or their supervisors.

[3] Newbold has stated that the panel identified five top contenders but did not "rank" the list of 15. This testimony differs from the other decisionmakers' testimony, and from the documentary evidence, which indicates that the 15 applicants were placed into an order and that the list was delivered to Jenkins. The testimony by Newbold that no ranking occurred is thoroughly contradicted by all other evidence in the record, including contemporaneous documentary evidence showing a ranking of the candidates. As such, it is not substantial evidence that a reasonable jury could rely upon, see Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct.

5

application did not contain an age or birthdate for any applicant, but did indicate the date of hire. No interviews were conducted. The panel reviewed the applications and the recommendations, and compared those to the criteria for selection in order to reach its conclusions.

The criteria applicable to the position of TSR was listed as:

> **Technical Knowledge:** Demonstrated by consistently receiving highest awards and includes honor awards. Consistently exhibited outstanding performance and adhered to the availability policy. Have prior instructor and/or mentor experience and prior temporary or acting TA experience.
>
> **Communication Skills and ability to convey information to others:** Demonstrated through prior instructor and mentor experience and prior temporary or acting TA experience. Demonstrated by consistently exhibited outstanding performance and receiving highest awards in the last 5 years.
>
> **Interpersonal Skills:** Demonstrated through prior instructor and mentor experience. Demonstrated by consistently exhibited outstanding performance and receiving highest awards in the last 5 years.
>
> **Leadership Skills:** Demonstrated through prior experience as a lead instructor, manager or chair, co-chair, president or vice president of and [sic] organization.
>
> **Reliability:** Ability to carry out duties with minimum supervision while working independently. Completes assignments accurately, efficiently, and accurately [sic].

---

1769, 167 L. Ed. 2d 686 (2007), and it does not create a *genuine* issue of fact concerning the ranking of the applicants. "A mere scintilla of evidence in support of the non-movant is insufficient to defeat a motion for summary judgment." Kesinger v. Herrington, 381 F.3d 1243, 1249–50 (11th Cir.2004) (citing Anderson [v. Liberty Lobby, Inc.], 477 U.S. at 252, 106 S. Ct. 2505); Johnson v. Niehus, 491 F. App'x 945, 950 (11th Cir. 2012). But even if considered, this discrepancy between Newbold's recollection and the other evidence does not indicate that the defendant's proferred reason for the hiring decision--the ranking of the applicants--is unworthy of belief. There is no testimony that Powell was one of the top five applicants under either scenario, and Jenkins' account of the selection being based largely on the panel's ranking is not in material dispute.

>       Additional Development within the Agency
>       Demonstrated ability to effectively teach and research procedure
>       Dependability
>       Use and understand CHIP
>       Initiative
>       SCD
>       Time in grade

(Defendant's Ex. 20, Doc. 18-21).

The panel submitted the list of 15 recommended applicants, ranking the 15 individuals from first to fifteenth. Jenkins concurred in the selections of candidates ranked as first, second, third, fourth and sixth. The candidate ranked fifth was not given the promotion. She was age 37 at the time, and Jenkins cannot recall why he did not confirm her selection. Plaintiff was ranked ninth.

The panel hired the following five of the 15 "short list" candidates for the TA positions:

– **Lorenza Ferrell.** Ferrell was 54 years old when he received the TA position. He had worked at SSA since 2004. He had three years of experience supervising eight employees at a juvenile detention center, had supervised a staff of 10 for 20 years in the Air Force, had served as co-chair and chair of the Combined Federal Campaign for the Birmingham office, and had served as a mentor. He holds an associate's degree and a bachelor's degree, with coursework in leadership and executive management. He had served as president of a community organization that offered GED classes for adults. He had five years of experience as a TSR and had received performance awards in six of the seven years preceding his promotion. He received three "outstanding" ratings on his recommendation, along with four "excellent" ratings and one

"satisfactory" rating from his supervisor, Deborah Thomas.[4]  Farrell was ranked number one on the list of 15.

– **Michelle Pierce.**  Pierce, who was 34 at the time of her promotion, had worked at SSA as a TSR since 2006.  She had been promoted steadily from a GS-5 in 2006 to GS-8 by 2009. She served as a mentor on two occasions, served as an EEO counselor in 2012, participated in the Week to Extend Knowledge ("WEK") program, and took other training courses offered by the SSA.  She holds a bachelor's degree in psychology, and was on the dean's list for three quarters. She received Recognition of Contribution Awards ("ROCs"), and other performance awards at the SSA.  She was trained in the SSA's CHIP program. She received three "outstanding" rankings, five "excellent" rankings, and one "satisfactory" ranking from her supervisor, Victoria Hamilton. Pierce was ranked second on the list of 15.

– **Vanessa Nelson.**   Nelson, who was 50 years old when promoted, had been an employee of the SSA since 1997.  She had participated in the Opportunity for Excellence Program ("OEP") each year during the five years preceding her promotion, and was certified to teach TSR classes. She had received leadership training during her service as Vice President of Grievances for Union Local 2206.  Her accuracy rating on service calls was 99 percent.  She served as a mentor on 10 occasions, participated in the Week to Extend Knowledge ("WEK") program, and holds both an associate's degree and a bachelor's degree.  Her bachelor's degree is in business administration, with a minor in organizational management.  She received several awards through the SSA, including Recognition of Contribution Awards ("ROCs"), and others.   Her recommendation by

---

[4] Powell, in her rebuttal statement (doc. 26-2), asserts that Ferrell worked as an acting TA prior to his selection.

supervisor Deborah Thomas included one "outstanding" rating, six "excellent" ratings, and two "satisfactory" ratings.  She was ranked third on the list of 15.

– **Corinne Smitherman**.  Powell does not allege that she is any more qualified than Smitherman.  Smitherman was ranked fourth on the list.

– **Larissa Webb.**  Webb, who was 42 at the time of the promotion, had worked with the SSA for 12 years.  She had served as a mentor and as a backup mentor, and had completed a course to be a TSR Instructor.  She holds an associate's degree and a bachelor's degree in human resources management, with coursework in management information systems, effective interpersonal relations, and group and organizational behavior.  She received awards each year from 2002 to 2011, including ROCs.  She received six "outstanding" ratings from her supervisor, along with two "excellent" ratings, and one "satisfactory" rating.  The "satisfactory" rating was for dependability/reliability, and her supervisor, Luis Fernandez, noted that Webb's weak point was her use of leave time "due to family issues."  She was ranked sixth on the list of recommendations.

In comparison to these successful promotion candidates, Powell was 63 at the time of the selection, the oldest of all the applicants.  She had been employed at the SSA as a GS-8 since 1997, and had more seniority within the SSA than any of the selected applicants except Nelson, and she had worked longer as a GS-8 TSR than any of the selected applicants.  She had, in 2010, temporarily performed the duties of a TA when she was an Acting TA.  None of the other applicants selected had been Acting TAs except Ferrell.  She served as a mentor on three occasions, and had earned an associate's degree in applied science.  She had one previous job that involved supervision of other employees, and that was in 1979 as an administrative secretary in the doctor's office.  She had completed training programs offered by the SSA, and had been given

9

performance awards for 10 years preceding the selection, including ROCs. She was given six "outstanding" and three "excellent" ratings by her supervisor, Claudine Griggs. Griggs listed as Powell's weaknesses: "None noteworthy." She was ranked number nine on the list of 15.

Powell contends that Handy, Groveman, and Reginald Jenkins are responsible for the hiring decision at issue in this case. (Doc. 26-1, p. 7). Groveman has stated that the 15 candidates all were highly qualified and recommended, and that the panel looked to which "candidates had distinguished themselves with respect to the selection criteria." (Doc. 18-4, paragraph 14). Groveman and other panel members noted that they did not believe that Griggs was objective when preparing recommendations and that she tended to review her employees too generously, perhaps to avoid conflict or to be "liked." (Doc. 18-4, para. 20; doc. 18-5, para. 19; doc. 18-6, para. 28).

## DISCUSSION

Defendant seeks summary adjudication of plaintiff's ADEA claim. Defendant asserts that, even if plaintiff has proven a *prima facie* case of age discrimination, she has failed to show that the stated, non-discriminatory reason for failing to promote plaintiff was pretext, and that the real reason was violative of the ADEA.

### A. Discrimination Based On Age

The Age Discrimination in Employment Act prohibits employers from discriminating against employees over the age of 40 on the basis of their age. 29 U.S.C. §§ 623(a)(1), 631(a). In the absence of direct evidence, age discrimination claims brought pursuant to the ADEA are

analyzed under the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973), which is used in evaluating claims brought pursuant to Title VII.[5] See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); Jameson v. Arrow Co., 75 F.3d 1528, 1533 n. 3 (11th Cir.1996). The Eleventh Circuit Court of Appeals has stated that the plaintiff establishes a *prima facie* age discrimination case by showing that: (1) she was a member of a protected class; (2) she applied and was qualified for a position for which the defendant was accepting applications; (3) despite her qualifications, she was not hired; and (4) the position was filled by an equally or less qualified younger person. Schoenfeld v. Babbitt, 168 F.3d 1257, 1267 (11th Cir. 1999), citing Welborn v. Reynolds Metals Co., 810 F.2d 1026, 1028 (11th Cir.1987) (per curiam).[6] The defendant's motion does not dispute that the plaintiff has established a *prima facie* case, instead asserting that the SSA has articulated a legitimate, non-discriminatory reason for the failure to promote Powell: that the qualifications of other applicants more closely matched the criteria set by the SSA. The court assumes, without deciding, that Powell has met the burden of establishing a *prima facie* case. She has demonstrated that she is a member of the protected class, that she was qualified for and

---

[5] Plaintiff has not offered any direct evidence of discriminatory animus, nor has plaintiff argued that there is any statistical pattern of discrimination. She thus relies upon circumstantial evidence, and must proceed under the burden-shifting framework set forth in McDonnell Douglas. See Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000).

[6] While the language in Schoenfeld states that the position must be filled by a person outside of the protected class, it has been established that an age case can be proved simply by showing that the position went to a person younger than the plaintiff, even if that person also is over 40. Carter v. City of Miami, 870 F.2d 578, 583 (11th Cir. 1989).

sought the position of TA, that she was not promoted, and that the position was given to younger applicants.[7]

### B. Pretext

Assuming the plaintiff has succeeded in making a *prima facie* showing of age discrimination, the presumption of discrimination that is raised by the *prima facie* showing may be rebutted if the employer offers a legitimate, nondiscriminatory reason for the employment action. To satisfy this burden, "the employer need only produce admissible evidence which would allow the trier of fact to rationally conclude that the employment decision had *not* been motivated by discriminatory animus."  Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997), quoting Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 1096, 67 L. Ed. 2d 207 (1981) (emphasis added).  Once the nondiscriminatory reason is articulated, the burden shifts to the plaintiff to show that the reason is either not worthy of belief, or that, in light of all the evidence, a discriminatory reason more likely motivated the decision than the proferred reason. Standard v. A.B.E.L. Servs. Inc., 161 F.3d 1318, 1331-33 (11th Cir. 1998) reh'g and reh'g *en banc* denied, 172 F.2d 884 (11th Cir. 1999), citing Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997), cert. denied, 118 S. Ct. 685, 139 L. Ed. 2d 632 (1998).  She must show not only

---

[7] It is worthy of note that at least three of the five applicants who were promoted (the age of Smitherman has not been offered into evidence, although Powell asserts that Smitherman was in her 40s), also were over 40, and therefore are younger than Powell but still are themselves members of the protected class.  This fact does not prevent the plaintiff from proving her *prima facie* case, but it fails to support an inference that the decisionmakers were biased against older workers, especially in light of the additional evidence that Jenkins chose not to promote one of the top-five applicants, who was only 37 years old.

that the articulated reason is false, but also that the true reason for not promoting her was discriminatory. See Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993). It is not the duty of this court to evaluate whether the decision not to hire plaintiff was fair or wise; employers are free to make unfair or unwise employment decisions so long as they do not violate anti-discrimination statutes. See Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991). In the context of an age-discrimination claim, the Eleventh Circuit Court of Appeals has stated:

> Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the ADEA does not interfere. Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior.

Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir.1991) (quoting Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1365 (7th Cir.1988) (citations omitted)); see also Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1187 (11th Cir.1984). See also Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000).

In this case, plaintiff offers no evidence that any decisionmaker held any animus toward older workers. Such evidence, often seen in discrimination cases, lends support to a contention that the proffered reason is not worthy of belief. In this case, the court views the four Selection Panel members and Jenkins as the decisionmakers.[8] Of these decisionmakers, Groveman,

---

[8] Although plaintiff has alleged that she does not consider Fernandez to have acted in a discriminatory manner, it is undisputed that he helped to make the decisions regarding the rankings, which ultimately were made the basis for Jenkins' final approval.

13

Handy, and Newbold all were more than 50 years old, and Fernandez was more than 40, at the time that Powell applied for the TA position. Only Jenkins was under the age of 40 at that time. A plaintiff has a "difficult burden" of showing that age more likely motivated an adverse decision where the "primary players" were "well over age 40 and within the class of persons protected by the ADEA." Elrod, 939 F.2d at 1471.

The plaintiff in this case does not rely on direct evidence. There are no offhand remarks, jokes, or innuendo to support her claim of age discrimination. Powell has admitted that none of the decisionmakers ever made any comment about her age. It further is undisputed that no decisionmaker except Handy was aware of plaintiff's age.[9] Instead, Powell's case clearly hangs on her contention that the defendant has stated that its hiring decisions for the TA positions were based on an assessment that the selected applicants were better qualified than Powell. Because Powell relies solely on her arguments relating to her qualifications for the jobs, her claim survives the motion for summary judgment only if she has demonstrated that the stated reason is a pretext, and that the real reason for the promotion decisions was an illegal motive.

It is well settled that the burden of demonstrating that the defendant's proffered reason is a pretext cannot be met "simply by showing that [plaintiff] is more qualified" than the applicant that was hired. Johnson v. City of Mobile, 321 Fed. App'x 826, 832 (11th Cir. 2009). "A plaintiff cannot establish pretext merely by showing he or she was better qualified than the hired candidate;

---

[9] Plaintiff has asserted, and defendants do not dispute, that Powell's age was recorded in files kept by the SSA, but each of the decisionmakers has asserted that he or she did not know Powell's age at the time the decision was made, and that age was not a factor in the decision. Furthermore, knowledge of the applicant's age is not sufficient evidence that the age was the "but/for reason" for the hiring decision. Gross v. FBL Financial Services, Inc., 557 U.S. 167, 176, 129 S. Ct. 2343, 2350 (2009).

the plaintiff must show the hiring decision was made because of an illegal motive." Hillemann v. University of Central Florida, 167 Fed. App'x 747, 749 (11th Cir. 2006). Instead, a plaintiff must show that the disparity in qualifications "is so great that a reasonable factfinder could infer that [the defendant] did not believe [the hired applicant] to be better qualified. Johnson, 321 Fed. App'x at 832, quoting Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268 (11th Cir. 2001). The level of disparity that plaintiff must show has been described as "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Johnson v. AutoZone, Inc., 768 F. Supp. 2d 1124, 1149 (N.D. Ala. 2011), quoting Tippie v. Spacelabs Medical, Inc., 180 Fed. App'x 51, 56 (11th Cir. 2006).[10] An employer's reason cannot be successfully challenged "as long as the reason is one that might motivate a reasonable employer." Johnson, 768 at 1150, quoting Pennington v. City of Huntsville, 261 F.3d 1262, 1267 (11th Cir. 2001). See also Roper v. Foley, 177 Fed. App'x 40, 48 (11th Cir. 2006). The role of this court is not to evaluate all of the applicants and decide which candidate was best qualified; the court must determine only whether the employer passed over the plaintiff based on an unlawful motive. Denney v. City of Albany, 247 F.3d 1172, 1188 (11th Cir. 2001).

The court finds that plaintiff has offered no evidence that the reasons given for promoting the younger applicants were pretextual, or that the real reasons were based on age. The evidence

---

[10] While it is clear that the Supreme Court has rejected Eleventh Circuit precedent from Cofield that described the test for qualifications as having to be so great as to "slap you in the face," the level of disparity required for a showing of pretext remains extremely high. Ash v. Tyson Foods, Inc., 546 U.S. 454, 126 S. Ct. 1195, 163 L. 2d 1053 (2006); see also Higgins v. Tyson Foods, Inc., 196 Fed. App'x 781 (2006).

15

offered by the defendant demonstrates that the panel found that the employees promoted to TA, all of whom also were "highly recommended" and met all qualifications, were better qualified in some areas than Powell, who had less formal education in a related field, less leadership and supervision experience, and similar experience and qualifications.[11] Certainly, a reasonable employer could have found that an applicant who had a bachelor's degree, or had worked for years in a supervisory position, might be more qualified for a promotion than was Powell. While it does appear that an argument can be made that Powell's superior recommendation and her extra years of experience may have made her a desirable candidate for the promotion, the defendant has demonstrated that the decisionmakers believed that Powell's recommendation was inflated by her supervisor, and that the education levels, awards, and leadership experience of the other candidates caused them to "stand out" above Powell's 15 years of work as a highly qualified TSR. The court declines to find that Powell's years of experience and achievements in that job were "of such weight and significance" that no reasonable employer could have chosen the five selected applicants, each of whom also had years of experience, excellent recommendations, and more extensive education and leadership experience than the plaintiff, for the position. Nor can the court say that a decisionmaker's belief (even if mistaken) that Grigg's glowing recommendation of Powell was inflated would not have entered into a reasonable employer's evaluation of a candidate's qualifications. Similarly, any argument related to "wrap-up" time falls short of showing

---

[11] While plaintiff had more years of experience in the SSA than all but one of the selected applicants, she had less formal education and other qualities sought in the criteria. She has not offered any evidence that an applicant with 15 years of experience as a TSR was significantly, or even nominally, superior to an applicant with five or ten years of experience in that role. In other words, she has not made any showing that a TSR could not obtain the requisite amount of knowledge after working in that position for only a few years.

16

discriminatory animus because there is no evidence that Handy's criticisms of Powel's lengthy "wrap-up" time was used in the ultimate decision.[12]

In short, plaintiff has failed to produce any evidence that shows that the stated reasons for hiring the younger applicants for the four TA positions were not the real reasons, or that the real reasons for the hiring decisions were related in any way to Powell's age. Accordingly, the SSA's motion for summary judgment is due to be granted.

## **CONCLUSION**

Based upon the foregoing undisputed facts and legal conclusions, the magistrate judge finds that the motion for summary judgment filed by the defendant (doc. 18) is due to be GRANTED, and that plaintiff's claims against this defendant are du to be DISMISSED WITH PREJUDICE.

A separate order will be entered.

DATED the 26th day of April, 2016.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

---

[12] Griggs, the supervisor who gave Powell the glowing recommendation, admitted that Powell "did have excessive wrap-up time," and said "there were times that she was in wrap-up time when she should not have been." (Doc. 26-10, p. 4). Griggs' apparent agreement with Handy's assessment supports a conclusion that Handy was not biased against Powell because of her age, but that any negative reaction to Powell was based on a legitimate evaluation of Powell's job performance.